**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AIDETH CABADA,  ) | |
| )  Plaintiff, ) | |
| v.   ) | Case No.   14-cv-6759 |
| )  CITY OF CHICAGO, and ) SOUTHWEST AIRLINES CO., ) ) Defendants.   ) | Honorable Judge Ronald A. Guzman |

**SOUTHWEST AIRLINES CO.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST COMPLAINT AT LAW**

The Defendant, SOUTHWEST AIRLINES CO. ("SWA"), by and through its attorneys MERLO KANOFSKY GREGG & MACHALINSKI LTD., and for its answer to the Plaintiff, AIDETH CABADA'S ("Cabada') First Complaint at Law, states as follows:

**COUNT I**
**(Southwest Airlines)**

1. On or about June 26, 2013, SOUTHWEST AIRLINES CO. (SWA), was a foreign corporation doing business in Chicago, Cook County, IL.

**ANSWER:**   SWA admits the allegations contained in paragraph 1.

2. On or about June 26, 2013, SWA owned and operated airplanes at Midway International Airport (Midway) in Chicago, Cook County, IL.

**ANSWER:**   SWA admits the allegations contained in paragraph 2.

3. On or about June 26, 2013, SWA operated gates for its airplanes at Midway.

**ANSWER:**   SWA admits the allegations contained in paragraph 3.

4. On or about June 26, 2013, SWA employed contractors, including RAS Services, Inc., to maintain and clean its airplanes at Midway.

**ANSWER:** SWA admits that it entered into a Core Airport Support Services Agreement (the "Agreement") with RAS Services, Inc. ("RAS"), in part, for RAS to clean airplanes at Midway as specified in the Agreement. SWA denies all remaining conflicting conclusory allegations contained in paragraph 4.

5. On and before June 26, 2013, SWA promulgated rules, regulations, policies and procedures relating to the maintenance and cleaning of its airplanes.

**ANSWER:** SWA admits that it entered into the Agreement with RAS, in part, for RAS to clean airplanes at Midway as specified in the Agreement. SWA denies all remaining conflicting conclusory allegations contained in paragraph 5.

6. On and before June 26, 2013, SWA promulgated rules, regulations, policies and procedures pertaining to the work of its contractors, including RAS Services, Inc.

**ANSWER:** SWA admits that it entered into the Agreement with RAS, in part, for RAS to clean airplanes at Midway as specified in the Agreement. SWA denies all remaining conflicting conclusory allegations contained in paragraph 6.

7. On and before June 26, 2013, SWA supervised the work of its contractors, including RAS Services, Inc.

**ANSWER:** SWA admits that it entered into the Agreement with RAS, in part, for RAS to clean airplanes at Midway as specified in the Agreement. SWA denies all remaining conflicting conclusory allegations contained in paragraph 7.

8. On or about June 26, 2013, AIDETH CABADA was an employee of RAS Services, Inc.

**ANSWER:** Upon information and belief, SWA admits the allegations contained in paragraph 8.

9.   On or about June 26, 2013, AIDETH CABADA's work responsibilities included cleaning SWA airplanes.

**ANSWER:**   Upon information and belief, SWA admits the allegations contained in paragraph 9.

10.   On or about June 26, 2013, AIDETH CABADA was engaged in her duties of cleaning an airplane owned and operated by SWA.

**ANSWER:**   Upon information and belief, SWA admits the allegations contained in paragraph 10.

11.   On or about June 26, 2013, an exit door at the front of the airplane being cleaned by AIDETH CABADA was left open.

**ANSWER:**   Upon information and belief, SWA admits the allegations contained in paragraph 11.

12.   At the time and place alleged, there was no platform or other fall protection located adjacent to the open exit door on the airplane being cleaned by AIDETH CABADA.

**ANSWER:**   SWA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13.   At the time and place alleged, AIDETH CABADA fell from the open door of the airplane and was injured.

**ANSWER:**   Upon information and belief, SWA admits only that AIDETH CABADA fell from the open door of the airplane and SWA lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13.

14.   At the time and place alleged, SWA was negligent in one or more of the following respects:

      a.      Failing to implement adequate rules, regulations, policies or procedures relating to safety during the servicing of airplanes at Midway Airport; or

      b.      Failing to adequately monitor or supervise contractors to insure the implementation of appropriate safety rules, regulations, policies or procedures regarding the servicing of airplanes at Midway Airport; or;

      c.      Failing to provide appropriate safety devices, equipment or instruction for contractors servicing its airplanes.

**ANSWER:** SWA denies the allegations contained in paragraph 14, including sub-paragraphs a. through c. inclusive.

15. As a proximate result of one or more of the aforesaid negligent acts and/or omissions AIDETH CABADA was injured; has endured and will in the future endure pain and suffering; has become disfigured and disabled; has suffered a loss of the enjoyment of a normal life; has incurred and will in the future incur expenses for medical and rehabilitative care; has lost earnings and; has been damaged in her capacity to earn a living.

**ANSWER:** SWA denies the allegations contained in paragraph 15.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

## COUNT II
### (City of Chicago)

As the allegations contained in Count II are not directed against the Defendant, SOUTHWEST AIRLINES Co., no answer to same is made.

### AFFIRMATIVE DEFENSES

The Defendant, SOUTHWEST AIRLINES CO. ("SWA"), by and through its attorneys MERLO KANOFSKY GREGG & MACHALINSKI LTD., and for its affirmative defenses to the Plaintiff, AIDETH CABADA'S ("Cabada") First Complaint at Law, states as follows:

**FIRST AFFIRMATIVE DEFENSE - PREEMPTION**

1. SWA operated its aircraft pursuant to the Federal Aviation Act of 1958, P.L. 85-726, 72 Stat. 731, formerly codified as 49 U.S.C. 1301, *et. seq.,* now recodified and incorporated into 49 U.S.C. 40401, *et. seq.* (the "FAA").

2. The FAA provides a comprehensive regulatory scheme for air safety.

3. Cabada's First Complaint pleads a state common law cause of action based on negligence.

4. The FAA completely preempts Cabada's common law cause of action based on negligence, as provided by 49 U.S.C. § 41713.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

**SECOND AFFIRMATIVE DEFENSE – SOLE PROXIMATE CAUSE**

1. Sole proximate cause is a recognized affirmative defense under Illinois law.

2. The sole proximate cause of the Cabada's alleged injuries was something other than the conduct of SWA.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

**THIRD AFFIRMATIVE DEFENSE - APPORTIONMENT**

1. The Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Joint Liability, provides that any party found to be less than 25% of the total fault shall only be severally liable for all damages other than the Plaintiff's past and future medical and medically related expenses.

2.  SWA is entitled to have its relative fault apportioned with all other responsible parties.

3.  To the extent that SWA is found to be less than 25% of the total fault, which liability is expressly denied, then SWA is only severally liable for all damages other than Cabada's past and future medical and medically related expenses.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

### FOURTH AFFIRMATIVE DEFENSE – SET OFF

1.  To the extent that Cabada receives any money by settlement or judgment from any other alleged joint tort feasor, then SWA is entitled to a set off for said amounts.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

### FIFTH AFFIRMATIVE DEFENSE – CONTRIBUTORY NEGLIGENCE

1.  Cabada's fault was more than 50 percent of the total fault attributable to all parties. As a result, Cabada may not recover in this matter. To the extent Cabada's fault is less than 50 percent, then Cabada's recovery shall be reduced by that amount.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

### SIXTH AFFIRMATIVE DEFENSE – OPEN AND OBVIOUS RISK

1. At all relevant times, the open door of the aircraft at Midway posed an open and obvious risk of harm.

2. Southwest owed no duty to protect Cabada from the open and obvious risk of harm posed by an open door of an aircraft at Midway.

WHEREFORE, the Defendant, SOUTHWEST AIRLINES CO. denies that the Plaintiff, AIDETH CABADA is entitled to any judgment against it, and demands that this lawsuit be dismissed with prejudice.

### RESERVATION OF RIGHT TO AMEND AND SUPPLEMENT AFFIRMATIVE DEFENSES

The Defendant, SOUTHWEST AIRLINES CO. reserves the right to amend and/or to supplement its affirmative defenses upon discovery of further information, in accordance with all applicable rules.

Respectfully submitted,

MERLO KANOFSKY GREGG & MACHALINSKI LTD.

/s/ Donald G. Machalinski
Donald G. Machalinski

Attorney for Defendants,
City of Chicago and Southwest Airlines Co.
Donald G. Machalinski ARDC No. 6200246
Steven M. Sandler ARDC No. 2454602
MERLO KANOFSKY GREGG & MACHALINSKI LTD.
208 S. LaSalle Street, Suite 1750
Chicago, Illinois  60604
Phone No.: (312) 553-5500
Facsimile: (312) 553-1586
E-mail: dgm@merlolaw.com
         sms@merlolaw.com

N:\users\!Files\Open Files\0194.13061\Pleadings\SWA Answer to First Complaint.docx