IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Aideth Cabada,** ) | |
| Plaintiff, ) | Case No: 14 C 6759 |
| ) | |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| **Southwest Airlines,** ) | |
| Defendant/Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **R.A.S. Services, Inc.,** ) | |
| Third Party Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, R.A.S. Services, Inc.'s ("RAS") motion to dismiss Counts II and III of the third-party complaint [65], which the Court has construed as a motion to dismiss or, in the alternative, motion to transfer under 28 U.S.C. § 1404, is granted.[1] Counts II and III are severed from the third party complaint and transferred to the United States District Court for the Northern District of Texas.

## STATEMENT

Aideth Cabada filed suit in the Circuit Court of Cook County against Southwest Airlines,

---

[1] RAS's initial motion was made under Federal Rule of Procedure 12(b)(6) on the grounds that Southwest failed to state a claim upon which relief can be granted and filing of Counts II and III in this Court is contrary to the terms of the relevant agreement's forum selection clause. The Court interprets RAS's motion as one to dismiss for failure to state a claim or, in the alternative, to transfer. As discussed in the order, the forum selection clause states any claim relating to the Agreement shall be filed in "a court seated in Dallas, Dallas County, Texas," but does not specify state or federal court. RAS asks only for transfer to "a venue per the forum selection clause." Because RAS refers to transfer under § 1404 in its reply brief, the Court has construed RAS's motion to seek transfer to the appropriate federal court. *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 579-80 (2013) (noting that "[s]ection 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district" while "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*," and that "courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum"). In this case, the appropriate federal forum for Dallas, Dallas County, Texas is the United States District Court for the Northern District of Texas.

Company for injuries she suffered in connection with an incident on June 26, 2013 while cleaning a Southwest aircraft. Southwest removed the action to this Court.[2] Southwest and RAS were parties to a Core Airport Support Services Agreement ("Agreement"), which includes a forum selection clause stating:

> This Agreement shall be construed under the laws of Texas regardless of conflict of law rules. Any claim arising out of or relating to this Agreement shall be brought in a court seated in Dallas, Dallas County, Texas.

(3d Party Compl., Ex. 3, Dkt. #53-3, ¶ 24(g).) Southwest filed a third-party complaint against RAS alleging contribution for its negligence in causing Cabada's injury (Count I), breach of the indemnification clause in the Agreement (Count II), and breach of the clause in the Agreement to provide insurance (Count III). (3d Party Compl., Dkt. # 53.)

According to the Supreme Court, "§ 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and . . . § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms." *Atl. Marine Const.,* 134 S. Ct. at 580. "[A] forum selection clause is enforceable to the same extent as any other contractual provision, which requires its enforcement barring some allegations of fraud or mistake." *Johnson v. Pushpin Holdings, LLC*, No. 13 C 7468, 2015 WL 1345768, at *5 (N.D. Ill. Mar. 23, 2015) (citing *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc*., 437 F.3d 606, 610 (7th Cir. 2006)). Indeed, in the context of a motion to transfer venue under 28 U.S.C. § 1404, which this Court construes RAS's motion to be (RAS's Reply, Dkt. # 77, at 3), "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." *Atl. Marine Const.*, 134 S. Ct. at 581 (citation, internal quotation marks, and alteration in instant case omitted). Moreover, in the context of a § 1404 motion in which a valid forum selection clause exists, "a district court may consider arguments about public-interest factors only." *Id*. at 582.

Southwest does not contend that the forum selection clause is invalid; instead, it argues that judicial economy is best served by retaining Counts II and III in this Court because the entire third-party complaint, including the contribution claim (Count I), would then be heard in one venue. While Southwest conclusorily states that Counts II and III "relate directly" to Cabada's bodily injury claim against Southwest and in turn, the contribution count, it fails to point to any specific evidence in support. Indeed, while a determination on the contribution count will require inquiry into RAS's role, if any, in causing Cabada's injury, Counts II and III relate solely to the rights and obligations of Southwest and RAS under the Agreement. Because resolution of Counts II and III will call for contract interpretation and should not involve overlapping evidence as to who or what caused Plaintiff's injury, any concerns about duplicative litigation or inefficiency are minimal. Therefore, the Court finds that exceptional circumstances do not exist in this case to override the forum selection clause. Accordingly, RAS's motion to transfer Counts II and III pursuant to the forum

---

[2] The Court dismissed the City of Chicago, also originally named as a defendant, as fraudulently joined and denied Plaintiff's motion to remand to state court. (Dkt. # 49.)

2

selection clause in the Agreement is granted.

**Date**:  April 24, 2015

_____
**Ronald A. Guzmán**
**United States District Judge**

3